No. 685 July 15, 2026 599

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of I. L. K.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

M. L. M.
and M. J. K.,
*Appellants.*

Lane County Circuit Court
25JU02401; A189372 (Control), A189499

In the Matter of M. J. K., Jr.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

M. L. M.
and M. J. K.,
*Appellants.*

Lane County Circuit Court
25JU02402; A189375, A189734

In the Matter of N. E. W. K.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

M. L. M.
and M. J. K.,
*Appellants.*

Lane County Circuit Court
25JU02404; A189377, A189500

In the Matter of E. R. K.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

M. L. M.
and M. J. K.,
*Appellants.*

Lane County Circuit Court
25JU02403; A189395, A189759

Valeri L. Love, Judge.

Submitted June 17, 2026.

Shannon Storey, Chief Defender, Juvenile Appellate Section, and Gabe Newland, Deputy Public Defender, Oregon Public Defense Commission, filed the brief for appellant.

Dan Rayfield, Attorney General, Paul L. Smith, Solicitor General, and Greg Rios, Assistant Attorney General, filed the brief for respondent.

Before Shorr, Presiding Judge, Powers, Judge, and Leith, Senior Judge.

PER CURIAM

Affirmed.

**PER CURIAM**

In this consolidated juvenile dependency proceeding, mother appeals from judgments asserting dependency jurisdiction over her four children, I, M, E, and N. In 20 assignments of error, she asserts that the juvenile court erred by finding that she and father "admitted" the allegations in the petitions and by relying on mother's and father's respective "admissions" to the allegations when it asserted dependency jurisdiction over the children. The Oregon Department of Human Services (ODHS) agrees that the judgments have a "clerical error" but remonstrates that mother failed to show that she was harmed by that error. Mother did not file a reply brief. We agree with ODHS's contention that the errors are harmless and therefore affirm.

Although the challenged judgments include notations that the parents made admissions, we agree with mother's and ODHS's position that those notations do not accurately reflect the proceedings before the juvenile court. As we understand the record, on the fourth day of the jurisdictional trial, the parents stipulated that ODHS had met "the necessary burden" to prove the amended allegations. Accordingly, we conclude that the juvenile court erred because the judgments reflected otherwise. That error, however, does not necessitate reversal of the judgments.

ORS 19.415(2) provides that "[n]o judgment shall be reversed or modified except for error substantially affecting the rights of a party." As ODHS contends, mother acknowledged before the juvenile court and again on appeal that the agency proved the allegations through the evidence presented at trial, which included exhibits and days of testimony. She has not demonstrated, however, that the mistake in the judgments substantially affected her rights. Accordingly, because mother has not shown that the juvenile court's error has substantially affected her rights, we affirm. *See, e.g.*, *Cler v. Providence Health System-Oregon*, 349 Or 481, 490, 245 P3d 642 (2010) (explaining that, under ORS 19.415(2), an appellate court "will reverse a trial court's judgment only if the trial court's error substantially affected a party's rights"); *Dept. of Human Services v. A. E. R.*, 278 Or

App 399, 407, 374 P3d 1018 (2016) (applying ORS 19.415(2) in a juvenile dependency appeal).

Affirmed.